# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MARY H. CARROLL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KNOX COUNTY BOARD OF EDUCATION )<br>and ROY E. MULLINS, *Superintendent* )<br>*for Knox County Schools*, )<br>)<br>Defendants. ) | No. 3:07-cv-345<br>(Phillips) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion for Preliminary Injunction [Doc. 11] and defendants' Motion to Strike Portions of Plaintiff's Affidavit ("Motion to Strike") [Doc. 15]. Plaintiff moves this court to issue a preliminary injunction requiring defendants to reinstate plaintiff immediately to her position as Supervisor of Psychological Services, with full salary and benefits and documentation in her personnel file indicating the rescission of her alleged demotion. Among the materials supporting her motion, plaintiff filed an affidavit, portions of which defendants now move to strike. For the reasons that follow, plaintiff's Motion for Preliminary Injunction [Doc. 11] is denied and defendants' Motion to Strike [Doc. 15] is granted.

### I. BACKGROUND

Plaintiff has been employed by defendants for thirty-six years, thirty-two of those years as a Supervisor of Psychological Duties. On March 1, 2007, plaintiff met with defendant Roy E.

-1-

Mullins, Superintendent of Knox County Schools; Kathy Sims, Director of Human Resources for Knox County Schools; and Donna Wright, Assistant Superintendent for Curriculum and Instruction for Knox County Schools. The purpose of the meeting was to discuss certain allegations made against plaintiff by her subordinate employees. At this meeting, plaintiff was placed on administrative leave with pay and advised that an investigation would occur.

On or about April 19, 2007, defendant Mullins met with plaintiff. Plaintiff contends at this time defendant Mullins "stated that he had concluded that Plaintiff had created a hostile work environment for employees." [Compl, Doc. 1 at 3]. Defendants, however, simply contend that at this time "[t]he investigation into the allegations had not been completed." [Doc. 14 at 1].

On or about May 3, 2007, plaintiff, her husband, and her counsel at the time, Donelson Leake, met with the Director of Human Resources and legal counsel for the school system to review redacted responses from plaintiff's subordinate employees compiled during the investigation.

On or about June 4, 2007, plaintiff, her husband, and Mr. Leake met with defendant Mullins, Ms. Sims, Ms. Wright, and legal counsel for the school system. Defendants argue the purpose of this meeting was to afford plaintiff an opportunity to "tell her side of the story." Plaintiff, however, contends that she was merely given vague answers as to "when she would be allowed to defend herself" and was "[a]t every attempt ... denied her right to defend herself and to have a hearing regarding this demotion." [Doc. 19 at 2].

On or about June 22, 2007, plaintiff received a letter from defendant Mullins that she was reassigned to the position of a School Psychologist for the school year 2007-2008. Apparently for the 2007-2008 school year plaintiff's salary was the same as when she was a supervisor [Doc. 14 at 2]; the letter informed plaintiff that beginning with the 2008-2009 school year she would receive

a reduction in salary [Compl., Doc. 1 at 4].

On September 10, 2007, plaintiff initiated this action under 42 U.S.C. § 1983 and Tennessee law, seeking a declaratory judgment that her demotion be set aside immediately and that she be reinstated to her position as Supervisor of Psychological Services with full salary and benefits and with appropriate reflections in her personnel file. Plaintiff now moves for the entry of a preliminary injunction, essentially requesting such full reinstatement of her position during the pendency of this litigation.

## II. ANALYSIS

### A. Preliminary Injunction

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In considering whether to grant a preliminary injunction, a court must balance four factors: (1) plaintiff's likelihood of success on the merits, (2) whether the plaintiff will suffer irreparable harm without the issuance of the injunction, (3) whether granting the injunction will cause substantial harm to others, and (4) whether the injunction will serve the public interest. *E.g.*, *id.*; *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 649 (6th Cir. 2007); *Abney v. Amgen, Inc.*, 443 F.3d 540, 546 (6th Cir. 2006). Although "a finding of no likelihood of success 'is usually fatal,'" *Abney*, 443. F.3d at 547 (quoting *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000)), the court must analyze all of the factors. *Id.*

*1.     Likelihood of Success on the Merits*

Plaintiff brought her action pursuant to 42 U.S.C. § 1983 and Tennessee state law. To state a claim under § 1983, plaintiff must demonstrate "(1) that defendant was acting under color of state law, and (2) the offending conduct deprived the plaintiff of rights secured under federal law." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). There is apparently no dispute that defendants' actions were under the color of state law. The pertinent issue is with regard to the second element. Plaintiff alleges that defendants' actions violated her rights to due process under the Fourteenth Amendment.

"The Due Process Clause of the Fourteenth Amendment prohibits states from depriving individuals of life, liberty, or property without due process of law." *Williams v. Kentucky*, 24 F.3d 1526, 1537 (6th Cir. 1994). Plaintiff's federal claim "depends on [her] having had a property right in continued employment." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). "Property interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law ....' " *Id.* (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 571 (1972)). "Statutes providing that state employees cannot be discharged or demoted without cause clearly give an employee a protected property interest in continued employment." *Williams*, 24 F.3d at 1537-38.

The court's inquiry is therefore twofold. First, the court must determine whether plaintiff has a protected property interest in her continued employment as Supervisor of Psychological Services. If plaintiff enjoys such a right, the court must then determine how much process plaintiff was due before being demoted and whether she was actually given such process.

Tennessee statutory law governs teachers' property rights in their continued employment.

-4-

Specifically, it appears that plaintiff qualifies as a "teacher" as that term is defined by statute, Tenn. Code Ann. § 4-5-501 (2008), and accordingly she enjoys a specified amount of process before certain administrative actions can be taken, *see generally* Tenn. Code Ann. §§ 49-5-501 to -515. Defendants assert that the action in this case constituted a mere "transfer within the system" under Tenn. Code Ann. § 49-5-510, and plaintiff was afforded all the process she was due before such a decision was made. Plaintiff contends that she was not merely transferred but demoted and that she was not afforded her due process before such demotion.

Plaintiff's motion for preliminary injunction does not, as she argues, establish a likelihood of success on the merits under these claims. First, it appears that plaintiff's "demotion" was a transfer within the system. *Id.* § 49-5-510; *cf. Marion County Bd. of Educ. v. Marion County Educ. Ass'n*, 86 S.W.3d 202, 207 (Tenn. Ct. App. 2001) ("Reassignment of a principal to a position with only teaching duties has been held to be a 'transfer within the system,' as that term is used in Tenn. Code Ann. § 49-5-510."). The director of schools is authorized to "transfer a teacher ... from one type of work to another for which the teacher is qualified and licensed" if he deems it "necessary to the efficient operation of the school system." Tenn. Code Ann. § 49-5-510. In effectuating a transfer, the director is required to "act[] .. in accordance with board policy and any locally negotiated agreement." *Id.* Yet rather than establish any evidence exhibiting that she was deprived of such process, plaintiff merely rests on conclusory allegations that she was demoted and thereby is entitled to a hearing before defendants can reduce her salary and reassign her to another position. Plaintiff further argues, again without specific evidence, that defendants' transfer of plaintiff was arbitrary and capricious and thus illegal under Tennessee law. Such conclusory allegations, without more, will not suffice to establish a likelihood of success on the merits. Indeed, the scant evidence

before the court at this preliminary stages seems to indicate that she was afforded process. [*See* Doc. 14 at 1-2; Doc. 19 at 1-2].

With the meager evidence presented to the court at this stage, the court finds that plaintiff has not met her burden of demonstrating a likelihood of success on the merits.

### 2. *Irreparable Harm to the Plaintiff*

Likewise, plaintiff has failed to demonstrate that she will suffer from irreparable harm if the injunction does not issue. "A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002); *see also CSX Transp., Inc. v. Tenn. State Bd. of Equalization*, 964 F.2d 548, 551 (6th Cir. 1992) ("[A]n injunction generally should not issue if there is an adequate remedy at law."). Defendants argue, without conceding liability, that in the event they are found liable at the conclusion of this action, monetary damages, including back pay, front pay, and other compensatory damages, would serve to make plaintiff whole. [Doc. 14 at 6].

Plaintiff has not demonstrated that she will suffer irreparable harm by maintaining her reassigned position during the pendency of this litigation. The essence of plaintiff's complaint is that she has been demoted, resulting in a "significant decrease in salary." [Doc. 11 at 3]. Yet "[t]he fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay. Indeed, '[t]he loss of a job is quintessentially reparable by money damages.' " *Overstreet*, 305 F.3d at 579 (inner citations removed) (quoting *Minn. Ass'n of Nurse Anesthetists v. Unity Hosp.*, 59 F.3d 80, 83 (8th Cir. 1995)). Because monetary damages will sufficiently compensate plaintiff for any potential liability of the defendants, plaintiff will not suffer from

*irreparable* harm in the event an injunction does not issue.

      3.  *Substantial Harm to Others and the Public Interest*

Plaintiff has failed to argue the final two factors that this court must consider in determining whether a preliminary injunction should issue, and in any event the court finds that they do not weigh in plaintiff's favor.

With regard to whether a granting of a preliminary injunction would cause harm to others, the court finds that the relief requested would harm defendants. Without any concrete evidence that plaintiff's constitutional rights were violated, it would substantially harm defendants to require them to reinstate plaintiff to her prior position with full pay, not only financially but also taking into account the significant time and effort to effectuate administrative changes.

Furthermore, the court finds that the public interest does not lie with the granting of a preliminary injunction. "[W]hile the public clearly has interest in vindicating constitutional rights," *Overstreet*, 305 F.3d at 579, as the court has not found that plaintiff has demonstrated a likelihood of success on the merits, it is unclear that plaintiff has suffered from any violation of her constitutional rights. While plaintiff certainly perceives that she has been harmed, it is unclear at this stage whether this harm suffered is legally cognizable. Accordingly, the court does not find that the public interest in vindicating constitutional rights would be served by issuing a preliminary injunction.

  **B.**  **Defendants' Motion to Strike**

Finally, defendants move the court to strike portions of plaintiff's affidavit [Doc. 12] in support of her Motion for Preliminary Injunction, namely, "the last portion of paragraph 17 beginning at 'as long as,' paragraph 18 in its entirety, the first two sentences of paragraph 19[,] and

-7-

Case 3:07-cv-00345   Document 24   Filed 09/17/08   Page 7 of 9   PageID #: 126

paragraph 21 in its entirety." [Doc. 15 at 1]. Defendants argue that these portions consist of plaintiff's legal conclusions and are unsupported by credible evidence.

The court finds it appropriate to strike those portions of the affidavit identified by defendants, using Rule 56(e) as a guide. That rule, pertaining to motions for summary judgment, states that affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). Under these provisions, a court has discretion to strike such portions of the affidavit that are "on [their] face explicitly *not* a reflection of fact but rather an argumentative interpretation of statements of fact." *Briggs v. Potter*, 463 F.3d 507, 512 (6th Cir. 2006).

The paragraphs identified by defendants consist of legal conclusions and "argumentative interpretation of statements of fact." For example, paragraph 18 states, "I assert that the decision to demote me from Supervisor of Psychological Services to school psychologist was arbitrary and capricious and otherwise improper." [Doc. 12, ¶ 18]. Such statements are legal conclusions and are inappropriate content for an affidavit.

Accordingly the court finds defendants' Motion to Strike [Doc. 15] to be well taken, and the motion is granted.

### III. CONCLUSION

Having considered and balanced the four factors identified above, the court finds that a preliminary injunction is not warranted, in particular because plaintiff has not demonstrated a likelihood of success on the merits or demonstrated that she will be irreparably harmed in the absence of such an injunction. Accordingly, plaintiff's Motion for Preliminary Injunction [Doc. 11]

is **DENIED**. Finally, because the identified portions consist of legal conclusions, Defendants' Motion to Strike Portions of Plaintiff's Affidavit [Doc. 15] is **GRANTED**, whereby the last portion of paragraph 17 beginning at "as long as," paragraph 18 in its entirety, the first two sentences of paragraph 19, and paragraph 21 in its entirety are **STRICKEN** from the Affidavit of Mary H. Carroll [Doc. 12].

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge